IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARK T. STINSON, SR.                                                        PLAINTIFF

v.                    NO. 2:22-cv-00219-LPR-PSH

OFFICER CAULEY, ASSISTANT WARDEN HALL,                  DEFENDANTS
ADMINISTRATOR THOMAS, OFFICER RIDGE,
CAPTAIN FRAZIER, LIEUTENANT WATKINS,
LIEUTENANT MCALISTER, WARDEN HENDRIX,
OFFICER MCDANIELS, OFFICER CLINTSCALE,
LIEUTENANT WALKER, OFFICER RENDON, and
OFFICER SCHMIDT

FINDINGS AND RECOMMENDATION

INSTRUCTIONS

The following proposed Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

In this case, filed pursuant to <u>Bivens v. Six Unknown Federal Agents</u>, 403 U.S. 388 (1971), plaintiff Mark T. Stinson, Sr., ("Stinson") maintains that he was placed in a Special Housing Unit ("SHU") on three separate occasions at a Bureau of Prisons ("BOP") facility in violation of BOP procedures and his constitutional rights. He additionally maintains that BOP officials retaliated against him when they refused to allow him to receive visitors. It is recommended that service of process not be ordered, but this case instead be dismissed <u>sua sponte</u> because it is barred by the doctrine of <u>res judicata</u>.

Stinson represents that while he was confined at the BOP facility in Forrest City, Arkansas, he was placed in a SHU on January 9, 2020, and again on August 12, 2020, for refusing to stand during a "count." <u>See</u> Docket Entry 1 at CM/ECF 8, 9. He represents that he was placed in a SHU a third time on March 19, 2021, when he refused to sign-up to work in a "dish room." <u>See</u> Docket Entry 1 at CM/ECF 12. He additionally represents that on February 28, 2021, BOP officials retaliated against him when they refused to allow him to receive visitors.

Stinson was eventually released from the BOP facility. He came to be placed on what he characterizes as probation and to apparently reside in Memphis, Tennessee. He began this case on September 12, 2022, by filing the complaint at bar in the United States District Court for the Western District of Tennessee. In the complaint, he alleged that his placements in a SHU violated BOP procedures and his constitutional rights. Stinson additionally alleged that BOP officials retaliated against him when they refused to allow him to receive visitors. He sought $100,000.00 in damages for the violation of his rights. He accompanied his complaint with a motion to proceed in forma pauperis.

United States District Judge Samuel H. Mays, Jr., granted the motion to proceed in forma pauperis and notified Stinson that his complaint would be screened pursuant to 28 U.S.C. 1915(e)(2)(B). Before the complaint could be screened, and after Stinson had filed a motion for summary judgment and a petition for writ of mandamus in the case at bar, he filed a motion to transfer the case to the United States District Court for the Eastern District of Arkansas. On December 2, 2022, Judge Mays granted the motion to transfer, and this case was transferred to the Eastern District of Arkansas.

Upon the case at bar being transferred to the Eastern District of Arkansas, Stinson filed the pending motion for summons. See Docket Entry 14. United States District Judge Lee P. Rudofsky has now referred the case to the undersigned for all pre-trial matters, including the screening of Stinson's complaint.

Before a complaint can be docketed, or as soon as practicable after it is docketed, it must be screened. See 28 U.S.C. 1915A. The court may dismiss a complaint, or a portion thereof, sua sponte if, inter alia, the complaint contains a claim that is frivolous or that fails to state a claim upon which relief may be granted. See 28 U.S.C. 1915A(b)(1). The court may also dismiss sua sponte a "duplicative complaint raising issues directly related to issues in another pending action brought by the same party," see Aziz v. Burrows, 976 F.2d 1158, 1158-1159 (8th Cir. 1992), or a complaint that is barred by the doctrine of res judicata, see Wright v. Harwell, No. 1:17-cv-1037-SOH, 2017 WL 3668436 (W.D. Ark. Aug. 24, 2017).

The records maintained by the Clerk of the Court for the Eastern District of Arkansas reflect that Stinson's stay at the BOP facility in Forrest City, Arkansas, was not without its challenges and caused him to file several federal cases. They include the following:

(1) Stinson v. Schmidt, No. 2:20-cv-000187-BSM, a case in which Stinson challenged his January 9, 2020, and August 12, 2020, placements in a SHU for refusing to stand during a "count." United States District Judge Brian S. Miller dismissed the case without prejudice for failure to state a claim upon which relief may be granted. The dismissal of the case constituted a "strike" within the meaning of the Prison Litigation Reform Act. In an amended complaint filed after the dismissal of the case, Stinson challenged BOP officials' February 28, 2021, refusal to allow him to receive visitors. He appealed, but his appeal was dismissed for failure to prosecute.

(2) Stinson v. Cauley, No. 2:21-cv-00033-BSM, a case in which Stinson challenged his January 9, 2020, and August 12, 2020, placements in a SHU for refusing to stand during a "count," and his March 19, 2021, placement in a SHU for refusing to sign-up to work in a "dish room." He also challenged BOP officials' February 28, 2021, refusal to allow him to receive visitors. Judge Miller dismissed the case without prejudice for failure to state a claim upon which relief may be granted. The dismissal of the case constituted a "strike" within the meaning of the Prison Litigation Reform Act. Stinson appealed, and the Court of Appeals summarily affirmed the dismissal of the case. The United States Supreme Court later denied a petition for writ of certiorari.

(3) Stinson v. Yates, No. 2:21-cv-00111-DPM, a case in which Stinson challenged, in part, his March 19, 2021, placement in a SHU for refusing to sign-up to work in a "dish room." United States District Judge D. P. Marshall Jr., dismissed the case without prejudice for failure to state a claim upon which relief may be granted. The dismissal of the case constituted a "strike" within the meaning of the Prison Litigation Reform Act. The Court of Appeals summarily affirmed the dismissal of the case. As a part of the decision affirming the dismissal of the case, the Court of Appeals found the following: "This court has previously determined that Appellant [i.e., Stinson] has three 'strikes' under 28 U.S.C. 1915(g)." See No. 2:21-cv-00111, Docket Entry 59. The United States Supreme Court subsequently denied a petition for writ of certiorari.

(4) Stinson v. Yates, No. 2:22-cv-00212-JM, a case that was eventually consolidated with Stinson v. Yates, No. 2:22-cv-00213-JM. In those cases, Stinson challenged, in part, his March 19, 2021, placement in a SHU for refusing to sign-up to work in a "dish room." United States District Judge James M. Moody, Jr., dismissed the consolidated cases with prejudice because they were barred by the doctrine of res judicata. Stinson has appealed the dismissal of the consolidated cases, and the appeal is currently on-going.

The undersigned has reviewed the record in the case at bar, as well as the record in the cases noted above. For the reason that follows, Stinson's motion for summons should be denied, service of process should not be ordered, and this case should be dismissed sua sponte.

In 2:22-cv-00212-JM and 2:22-cv-00213-JM, Judge Moody addressed the doctrine of res judicata. He found its contours to be as follows:

> Res judicata applies when "(1) the first suit resulted in a final judgment on the merits; (2) the first suit was based on proper jurisdiction; (3) both suits involve the same parties …' and (4) both suits are based upon the same claims or causes of action." Elbert v. Carter, 903 F.3d 779, 782 (8th Cir. 2018) (internal citation omitted). For res judicata purposes, two claims are the same if they "arise out of the same nucleus of operative fact or are based on the same factual predicate." Id. (internal citation omitted). [...]

See Id., 2:22-cv-00212-JM, Docket Entry 12 at CM/ECF 2-3.

Here, 2:21-cv-00033-BSM resulted in a final judgment on the merits and was based on proper jurisdiction. Judge Miller dismissed that case without prejudice for failure to state a claim upon which relief may be granted, the Court of Appeals summarily affirmed the dismissal of the case, and the United States Supreme Court denied a petition for writ of certiorari. 2:21-cv-00033-BSM and the case at bar involve the same parties, they being Stinson and thirteen BOP officials. 2:21-cv-00033-BSM and the

case at bar are based upon the same claims or causes of action as the cases arise out of the same nucleus of operative fact or are otherwise based on the same factual predicate. Specifically, the cases involve challenges to Stinson's January 9, 2020, and August 12, 2020, placements in a SHU for refusing to stand during a "count;" his March 19, 2021, placement in a SHU for refusing to sign-up to work in a "dish room;" and BOP officials' February 28, 2021, refusal to allow him to receive visitors.

Given the foregoing, there is no question but that Stinson has simply re-filed 2:21-cv-00033-BSM by filing the case at bar. Because the two cases are the same case, between the same parties, and 2:21-cv-00033-BSM was resolved on the merits, the case at bar is barred by the doctrine of res judicata. The undersigned therefore recommends the following:

(1) the motion for summons be denied, see Docket Entry 14;

(2) service of process not be ordered;

(3) this case be dismissed sua sponte, and with prejudice, because it is barred by the doctrine of res judicata; and

(4) an in forma pauperis appeal of an order and judgment dismissing the case at bar be deemed frivolous and not taken in good faith.[1]

---

[1] Although Stinson has "three strikes," the "three strike" rule is apparently inapplicable here because he was not a prisoner when he filed the case at bar. See Randle v. Does, No. 4:19-cv-00116-KGB, 2019 WL 7018913, 1 (E.D. Ark. Dec. 19, 2019).

DATED this 30th day of January, 2023.

_____
UNITED STATES MAGISTRATE JUDGE